Case 11-35250    Filed 09/06/11    Doc 26

FILED
September 06, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003750957

Paul A. Warner (SBN 112168)
3001 Lava Ridge Court, Suite 300
Roseville, CA, 95661-2838
(916) 746-0645
(916) 746-0612 fax

Attorney for Kobra EFS, LLC, Eureka Ridge, LLC, Fairway Commons II, LLC, Stoneview Office LLC

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

In re:                                          )
Kobra EFS, LLC, Eureka Ridge LLC,               )   Case Nos. 11-35250-C-11, 11-35256-C-11
Fairway Commons II, LLC, and Stoneview          )   11-35255-C-11, and 11-35257-C-11
Office, LLC                                     )
          Debtor.                               )
_____         )   DCN:
                                                )   Chapter 11
                                                )   Assigned to Hon. Christopher M. Klein
                                                )
                                                )   MOTION OF THE DEBTORS AND
                                                )   DEBTORS IN POSSESSION
                                                )   FOR ENTRY OF AN ORDER DIRECTING
                                                )   JOINT ADMINISTRATION
                                                )   OF RELATED CHAPTER 11 CASES
                                                )
                                                )   Date of Hearing: August 30, 2011
                                                )   Time of Hearing:    10:00 a.m.
                                                )   Courtroom No.    Dept. 35, 6th Floor
                                                )                   501 I Street
                                                )                   Sacramento, CA

**MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION**

**FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION**

**OF RELATED CHAPTER 11 CASES**

MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION
FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION
OF RELATED CHAPTER 11 CASES
- 1

Debtors Kobra EFS, LLC, a California limited liability company, Eureka Ridge, LLC, a California limited liability company, Fairway Commons II, LLC, a California limited liability company, and Stoneview Office, LLC, a California limited liability company the debtors and debtors-in-possession herein (collectively, "Debtors"), hereby move the Court for entry of an order directing the joint administration of their related Chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("FRBP") and in support of the Motion submit the following:

## I. INTRODUCTION

Kobra EFS, LLC, a California limited liability company ("Kobra EFS"), Eureka Ridge, LLC, a California limited liability company ("Eureka"), Fairway Commons II, LLC, a California limited liability company ("Fairway"), and Stoneview Office, LLC, a California limited liability company ("Stoneview") are all affiliates of each other within the meaning of section 101 of the Bankruptcy Code. Abolghassem Alizadeh and Kobra Alizadeh are the sole partners of Kobra Properties, a California general partnership ("Kobra Properties"). The principal member of Kobra EFS is Kobra Properties. Kobra EFS is the principal member of Eureka, Fairway and Stoneview. The Debtors own 3 properties with an aggregate value in excess of $33 Million, which generate rental income from retail and commercial tenants. The Debtors' goal is to efficiently reorganize their financial affairs which includes a need to minimize the administrative burden on the Debtors in terms of time and money. The complexity of these bankruptcy cases are such that maintaining separate dockets and preparing separate pleadings for the same or similar relief in each case would create no added benefit to the Estates, would likely only serve to confuse creditors, and would ensure that additional professional fees would be incurred. The Debtors believe that this Motion will aid the administration of the Estates and is a prudent and

**MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION
FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION
OF RELATED CHAPTER 11 CASES**

- 2 -

reasonable exercise of their business judgment. Accordingly, the Debtors request approval of this Motion without delay.

## II. BACKGROUND

1.   On June 20, 2011, the Debtors commenced each of these cases by filing voluntary petitions under chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

2.   A Receiver, previously appointed by Placer County Superior Court is continuing in the management and operation of their businesses.

3.   A creditors' committee has not yet been formed in this case.

4.   As discussed further below, the Debtors' businesses consist primarily of real estate development and management.

5.   The Debtors began the development of these properties in 2002.  The projects were completed and have been leased or are in the process of leasing activities. In the past few years, economic conditions including the real estate market in California and credit markets have not improved and the Debtors were rendered unable to satisfy all of the costs associated with their projects. These projects were subject to a single consolidated loan with a single lender.  When the lender on these projects commenced foreclosure and other collection remedies these bankruptcy cases became necessary.

6.   The principal of the Debtors is Abe Alizadeh.  The real estate development companies expanded over the years to include commercial office and retail.

7.   Kobra EFS was formed as a holding company for the purpose of developing the projects, Eureka, Fairway and Stoneview.

8. Kobra EFS is an affiliate within the meaning of Bankruptcy Code section

**MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION
FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION
OF RELATED CHAPTER 11 CASES**

- 3 -

101(2) of debtor Eureka, which owns a retail shopping center at 1470 Eureka Road, Roseville, Ca.

9. Kobra EFS is also an affiliate within the meaning of Bankruptcy Code section 101(2) of debtor Fairway which owns office buildings at 10241-10271 Fairway Drive, Roseville, California.

10. Kobra EFS is also an affiliate within the meaning of Bankruptcy Code section 101(2) of debtor Stoneview which owns an office building at 3001 Lava Ridge Court, Roseville, California.

### III MOTION AND REQUESTED RELIEF

11. By this Motion the Debtors seek entry of an order directing the joint administration of these Chapter 11 cases. The Debtors request that the Court maintain one file and one docket for all of the jointly administered cases under the case number assigned to Kobra EFS, LLC, a California limited liability company and that these Chapter 11 cases be administered under a consolidated caption substantially as follows:

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION**

| | |
|---|---|
| In re:<br>**Kobra EFS, LLC, a California limited liability company,** *et al.*<br>      **Debtors.** | Case Nos. 11-35250-C-11<br><br>**Chapter 11**<br><br>**Jointly Administered**<br><br>Assigned to Hon. Christopher M. Klein |

11. In addition, the Debtors request that an entry be made on the docket of each of the

Debtors' chapter 11 cases, other than Kobra EFS, a California limited liability company, that is substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration of the chapter 11 cases of Kobra EFS, a California limited liability company, Eureka Ridge, LLC, a California limited liability company, Fairway Commons II, LLC, a California limited liability company, and Stoneview Office, LLC, a California limited liability company. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 11-35250-C-11.

12.     The Debtors believe that maintaining one docket and case caption will greatly reduce costs, confusion, and time in these cases. Therefore, the Debtors submit that this Motion should be granted as a reasonable exercise of the Debtors' business judgment and as being in the best interest of the Estates and their creditors.

### IV. MEMORANDUM OF POINTS AND AUTHORITIES

13. Bankruptcy FRBP 1015(b) provides, in pertinent part, that if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order joint administration of the estates of the debtor and its affiliates. FRBP 1015(b).

14.     Given the integrated nature of the Debtors' operations, joint administration of these Chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings and orders that will arise in these cases will affect all of the Debtors. The entry of an order directing joint administration of these Chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration will allow the Court, the Office of the United States Trustee and all parties in interest to monitor these Chapter 11 cases with greater ease.

15.     Additionally, joint administration of these chapter 11 cases will not adversely

**MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION
FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION
OF RELATED CHAPTER 11 CASES**

- 5 -

affect the Debtors' respective constituencies because this Motion requests only joint administration, not substantive consolidation, of the Debtors' cases. Parties in interest will not be harmed by the relief requested but instead, will benefit from the cost reduction associated with the joint administration of these Chapter 11 cases.

16.     Joint administration and substantive consolidation differ greatly. In substantive consolidation, assets and liabilities are pooled and generally, the separate entities' creditors share pro rata in the estates' aggregate net value. See, In re Standard Brands Paint Co., 154 B.R. 563, 569 (Bankr. C.D. Cal. 1993); In re I.R.C.C. Inc., 105 B.R. 237, 241 (Bankr. S.D. N.Y. 1989). Joint administration; however, is merely procedural and has no impact on creditors' substantive rights. See, In re Toland, 346 B.R. 444, 449 (Bankr. N.D. Ohio 2006); In re Blair, 226 B.R. 502, 505 (Bankr. D. Me. 1993). Thus, there will be no material prejudice to creditors or other parties in interest if these estates are jointly administered. Indeed, the interests of creditors will be served by the reduction in costs and administrative burdens resulting from joint administration.

17.     The entry of a joint administration order in multiple related cases is routinely granted and non-controversial. See, e.g., In re Dan River Holdings, LLC, Case No. 08-10726 (KG) (Bankr. D. Del. Mar. 18, 2008); *In re Leiner Health Products, Inc.,* Case No. 08-10446 (KJC) (Bankr. D. Del. Mar. 12, 2008); (BLS) (Bankr. D. Del. Apr. 22, 2008); *In re Powermate Holding Corp.,* Case No. 08-10498.

WHEREFORE, based upon the foregoing, the Debtors respectfully submit that good cause exists to grant this Motion and request that the Court enter its order granting this Motion and directing the joint administration of the Related Cases, and for such other and further relief as the Court deems just and proper.

**MOTION OF THE DEBTORS AND DEBTORS IN POSSESSION
FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION
OF RELATED CHAPTER 11 CASES**

Respectfully submitted,

Dated: 6 Sep 11

Paul A. Warner, ESQ.,
Attorney for Kobra EFS, LLC, Eureka Ridge, LLC, Fairway Commons II, LLC, Stoneview Office LLC